Bijan Amini (BA 3533)
Lita Beth Wright (LW 0442)
Elizabeth J. Shampnoi (ES 8456)
STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017
Tel: (212) 490-4100
Fax: (212) 490-4208

OF COUNSEL:
James R. Steffen (MN#204717)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel: (612) 766-7000
Fax: (612) 766-1600
Attorneys for Defendant Target Brands, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN RIVERA, | 09 Civ. 8328 (DAB) |
| Plaintiff, | |
| v. | **ANSWER OF DEFENDANT** |
| | **TARGET BRANDS, INC.** |
| DON WILLIAMS, et al. | |
| Defendants. | |

      For its Answer to the Complaint of plaintiff John Rivera ("Rivera"), defendant Target Brands, Inc. ("TBI"), by its undersigned attorneys, states and alleges as follows:

      1.    Except as hereafter expressly admitted or otherwise stated, TBI denies each and every allegation and statement in the Complaint.

      2.    TBI admits the allegations of the first sentence of paragraph 1 of the Complaint. Answering the allegations of the second sentence of paragraph 1 of the Complaint, TBI admits

that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367(a).

3. TBI admits the allegations of paragraph 2 of the Complaint.

4. TBI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

5. TBI denies the allegations of paragraph 4 of the Complaint.

6. TBI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 5 through 14 of the Complaint.

7. TBI denies the allegations of paragraph 15 of the Complaint, except admits that TBI is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

8. TBI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 16 through 27 of the Complaint.

9. TBI denies the allegations of paragraph 28 of the Complaint.

10. TBI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 29 through 32 of the Complaint.

11. TBI is without knowledge or information sufficient to form a belief as to the allegations of paragraph 33 of the Complaint, except admits that a copy purporting to be United States Patent No. 7,422,025 B2 was attached to the Complaint as Exhibit A.

12. TBI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, except states that the '025 Patent speaks for itself.

13. TBI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 35 through 137 of the Complaint.

14. TBI denies the allegations of paragraphs 138 through 143 of the Complaint.

15. TBI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 144 through 222 of the Complaint.

16. Answering paragraph 223 of the Complaint, TBI repeats and realleges the responses in the preceding paragraphs as though fully set forth herein.

17. TBI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 224 through 230 of the Complaint.

18. Answering paragraph 231 of the Complaint, TBI repeats and realleges the responses in the preceding paragraphs as though fully set forth herein.

19. TBI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 232 through 237 of the Complaint.

20. Answering paragraph 238 of the Complaint, TBI repeats and realleges the responses in the preceding paragraphs as though fully set forth herein.

21. TBI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 239 through 246 of the Complaint.

22. Answering paragraph 247 of the Complaint, TBI repeats and realleges the responses in the preceding paragraphs as though fully set forth herein.

23. TBI denies the allegations of paragraphs 248 through 254 of the Complaint.

24. Answering paragraph 255 of the Complaint, TBI repeats and realleges the responses in the preceding paragraphs as though fully set forth herein.

25. TBI denies the allegations of paragraph 256 through 259 of the Complaint.

### First Affirmative Defense

26. The Complaint fails, in whole or in part, to state a claim against TBI upon which relief can be granted.

### Second Affirmative Defense

27. The Court lacks personal jurisdiction over TBI in this action.

### Third Affirmative Defense

28. Venue is not proper in this Court.

### Fourth Affirmative Defense

29. Upon information and belief, upon opportunity for further investigation and discovery, one or more claims of the '025 Patent will be found invalid under 35 U.S.C. §§ 102, 103 and/or 112. TBI further gives notice that it may, after reasonable opportunity for further investigation and discovery, assert that one or more claims of the patents-in-suit is unenforceable for inequitable conduct.

### Fifth Affirmative Defense

30. Plaintiff's alleged damages, if any, may have been caused by Plaintiff's own conduct and/or failure to mitigate damages, or by others beyond the control of TBI, and any alleged damages may be further limited under 35 U.S.C. § 287.

### PRAYER FOR RELIEF

WHEREFORE, TBI respectfully prays:

  a. that the Complaint against TBI be dismissed with prejudice and on the merits;
  b. that TBI be awarded its costs and disbursements herein;
  c. that TBI be awarded its attorney's fees herein to the extent permitted by law and/or equity; and

    d. that TBI be awarded such other and further relief as the Court may deem just and equitable.

| | |
|---|---|
| Dated: New York, New York<br>November 11, 2009 | **STORCH AMINI & MUNVES PC**<br><br>By:   /s/ Elizabeth J. Shampnoi<br>Bijan Amini (BA 3533)<br>Lita Beth Wright (LW 0442)<br>Elizabeth J. Shampnoi (ES 8456)<br>2 Grand Central Tower<br>140 East 45th Street, 25 Floor<br>New York, New York 10017<br>Telephone (212) 490-4100<br>Fax (212) 490-4208<br><br>OF COUNSEL:<br>James R. Steffen (MN Bar 204717)<br>FAEGRE & BENSON LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, Minnesota 55402<br>Telephone (612) 766-7000<br>Fax (612) 766-1600<br><br>**Attorneys for Defendant<br>Target Brands, Inc.** |